John J. Walsh, J.
By a petition duly verified on July 7, 1961, defendant-petitioner seeks to vacate a judgment of probation revocation entered by the Oneida County Court pursuant to a plea of guilty on February 26, 1960.
He alleges that he is presently confined in the Elmira Reception Center under a sentence imposed by this court originally on February 16, 1959 after a plea of guilty to the crimes of burglary third degree, petit larceny and grand larceny second degree, which sentence was suspended and he was placed on probation for two years. That, thereafter, he was brought back from the State of Florida on the violation of probation, pleaded guilty and was sentenced.
The chief cause of complaint of defendant is that he ‘ ‘ was not represented by adequate counsel nor was I given an impartial attempt to protect my rights in that my counsel at that time, unknown to me, was a prosecuting attorney for the city of Utica and that this fact was not relayed to me by either the attorney, the arresting officers, or this court.”
*144 He says further that the reason he pleaded guilty to the violation of probation was that his attorney advised him that he had no legal ground to contest the hearing. Defendant then states the reason why he went to Florida as follows:
‘ ‘ After I was placed on probation on February 16, 1959 I was arrested pursuant to an indictment charging me with the crime of Grand Larceny, Second Degree to which I pleaded not guilty. However, I had been working at the Olixir Gas Station on a Truck Route in Utica, N. Y. when it was robbed by party or parties unknown. Because of my prior record cast upon me upon the advice of my same counsel to which I pleaded guilty, I became frightened that I would be accused of the crime and for this reason I left the city and State of New York to go to Florida where I had been promised a job without first seeking the permission of my probation officer. This is the reason that my probation was revoked and I am presently confined.”
Defendant further contends that “ at all times throughout all the proceedings mentioned herein my attorney was a prosecuting attorney for the City of Utica in Oneida County employed by the City for the prosecution of the crimes and therefore not a completely disinterested representative for me and I believe as was evidenced by his constant attempt to plead me guilty in the above matters that I was not represented by counsel free from ties with my adversary and accuser. I at no time knew of his ties with the city and was never informed by him, by the police or even by this court. I further believe that my constitutional rights were not safe guarded since the people or this court knew or should have known of this attorney’s conflict of interest, and that I would have not continued with this attorney had I known of these facts.”
This contention is without basis either in fact or in law. Defendant’s counsel was not assigned by the court but retained by him. He cannot now by writ of error coram nobis complain of the advice given by his counsel to him. Nor was the advice given so erroneous as to be a travesty of justice. Regardless of the reason for so doing, defendant admits he left the jurisdiction of the court without the permission of the probation officer which constitutes grounds for revocation of probation. Nor was the defendant’s counsel at any time during the year 1960 employed as a prosecutor by the City of Utica. As a matter of fact, he resigned as Assistant Corporation Counsel of the City of Utica sometime in 1959. (People v. Hernandez, 8 N Y 2d 345.)
This is a classic example of the kind of reckless and sensational claims that are made in coram nobis petitions.
*145 There being no merit to the petition, the application for a writ of error coram nobis is denied and an order may be submitted in accordance herewith.